

**U.S. Department of Justice**
**Federal Bureau of Prisons**

*Federal Correctional Complex*
*Terre Haute, Indiana*

☐ Institution  ☐ Region  ☒ Central

~~SCU~~ Unit

## Receipt of Administrative Remedy

Inmate Name: Kudamovas, Jurijus   Reg. No.: 21056-112

Administrative Remedy No.: 911810-A3

Received on this 2nd day of April, 2018.

_____
Signature/Title of Staff

**Inmate Copy**

EXHIBIT 1

**Administrative Remedy No. 911810-A3**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal where you challenge your continued placement in the Special Confinement Unit (SCU) at USP Terre Haute. You state your current housing status prevents you from receiving adequate medical and mental health care, and adversely affects your ability to prepare legal work. You request to be released from the SCU.

The Warden and Regional Director adequately addressed your complaint and designation to the SCU. You are currently in Phase II and are afforded opportunities to earn increased freedom and privileges. In addition, you have access to the Health and Psychology Services Departments for your medical and mental health needs. There is also no indication your ability to access your legal materials or prepare legal work have been adversely affected. We concur with the responses you were provided.

Accordingly, your appeal is denied.

3|7|18
Date

Ian Connors, Administrator
National Inmate Appeals

Kadamovas Reg. No. 21050-112
re Haute
.33
iute, IN 47808



9114 9014 9645 1481 0165 12

Legal Special
Mail

Office of General Counsel
Federal Bureau of Prisons
320 First Street, NW
Washington, DC 20534

USPS TRACKING # & CUSTOMER RECEIPT    9114 9014 9645 1481 0165 12
For Tracking or inquiries go to USPS.com or call 1-800-222-1811.

TRULINCS 21050112 - KADAMOVAS, JURIJUS - Unit: THP-X-A

---

FROM: 21050112
TO: USP SCU Unit
SUBJECT: ***Request to Staff*** KADAMOVAS, JURIJUS, Reg# 21050112, THP-X-A
DATE: 01/17/2018 05:58:44 PM

To: To Mr Sutton, or Mr. Shepherd.
Inmate Work Assignment: N/A

Today I have received mentioned grievance with the reason for it was rejected ( not all 4 copy attached ). I just would like to say that I did enclose all originals with 3 copy as require by police before I sent out to central office on 1 Dec. 2017, and it is happen to often with all remedy coordinators that they play this game again and again. To avoid any possible misconception I asking you to stop by, check this package and sign up on it, that all attachmends for central office is correct on this time.
Thank you for your attention.
-----USP SCU Unit on 1/9/2018 2:57 PM wrote:

>
Once received it will be distributed to you.
Sutton

>>> ~^!"KADAMOVAS, ~^!JURIJUS" <21050112@inmatemessage.com> 1/9/2018 3:38 PM >>>
To: To Mr Sutton, or Mr. Shepherd.
Inmate Work Assignment: N/A

Thank you. So, would I will received rejection notes and time to refile?
-----USP SCU Unit on 1/8/2018 10:17 AM wrote:

>
911810-A2 was Rejected on 12-29-2017.

>>> ~^!"KADAMOVAS, ~^!JURIJUS" <21050112@inmatemessage.com> 1/5/2018 6:57 PM >>>
To: To Mr Sutton, or Mr. Shepherd.
Inmate Work Assignment: N/A

I have sent BP-11 Remedy ID # 911810 - A2 on December 3 2017 and USPS Tracing # reviles that it was delivered on December 11 2017, but I still do not received receipt. Would you please check on this grievance. Thank you.

---

I Jurijus Kadamovas declare that Remedy ID # 911810-A2 was submitet properly. This resubmishen was checked by Consular A. Sutton, and two more inmates will confirm that it is submitted as 4 copy carbon paper, 4 copy of attachments, and 4 copy of each 3 pages of exhibits as well one copy of BP-10, BP-9, and BP-8 with attachments are submited on this 17 of January 2018.

CC: I Kadamovas
    inmates

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 29, 2017

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JURIJUS KADAMOVAS, 21050-112
      TERRE HAUTE USP    UNT: SCU    QTR: X02-411L
      4700 BUREAU ROAD SOUTH
      TERRE HAUTE,  IN 47802

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 911810-A2      CENTRAL OFFICE APPEAL
DATE RECEIVED   : DECEMBER 11, 2017
SUBJECT 1       : SPECIAL CONFINEMENT UNIT
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT SUBMIT PROPER NUMBER OF CONTINUATION PAGES
                 WITH YOUR REQUEST/APPEAL. ~~8 - WARDEN 3 - LEVEL 3~~
                 ~~REGIONAL LEVEL AND~~ 4 - CENTRAL OFFICE LEVEL. THE
                 NUMBER CITED INCLUDES YOUR ORIGINAL.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REJECT REASON 3: SEE REMARKS.

REMARKS         : ALSO PROVIDE 4 COPIES OF ALL ATTACHMENTS REFERENCED
                  IN YOUR BP-11 FORM. WE NEED 1 COPY FOR EACH ORIGINAL
                  BP-11 FORM.

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: KADAMOVAS JURIJUS    21050-112    SCU    TERRE HAUTE
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A - REASON FOR APPEAL   I AM TIMELY RESUBMIT MY APPEAL IN PROPER FORM AS DIRECTED IN REJECT REASON, RECEIVED ON 12/1/2016. I AM DISSATISFIED WITH REGIONAL DIRECTOR'S RESPONSE.
1) I DO NOT SERVING A SENTENCE OF DEATH, BUT WORKING ON MY APPEALS WHICH BOP PREVENTING ME FROM BY DESTROYING MY LEGAL MATERIALS AND NOT ALLOWING ME MININGFUL ACCESS TO MY DISCOVERY MATERIALS AND COURT TRANSCRIPTS.
2) IN SOLITARY CONFINEMENT BOP PREVENTING ME FROM OBTAIN A LEGAL HELP FROM JAIL HOUSE LAWYER OR OTHER INMATES.
3) MEDICAL DEPARTMENT OFTEN IGNORS MY MEDICAL NEEDS SEE REMEDY IA # 504596.
4) I HAVE BEEN DENIAL A MENTAL HEALTH TREATMENT. SEE REMEDY II # 503318, # 520316, # 520220 AND 901874, SEE ONE PAGE ATTACHMENT.

12 20 2016
DATE

SIGNATURE OF REQUESTER

Part B - RESPONSE

USPS TRACKING # & CUSTOMER RECEIPT    9114 9014 9645 1481 0163 90
For Tracking or Inquiries go to USPS.com or call 1-800-222-1811.

DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: _____

Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
JUNE 2002
UPN LVN

One page Attachment for Remedy 1B #911810-A2.

5) BOP have fail to protect my rights to a safe, clean and healthy environment, including smoke free living areas. I have developed very bad Asthma, and BOP continue to torture me in Solitary confinement by use gas around me failure to protect me from inmates who smoking and seting fires around my cell. See grievances 1A # 857,865 #855112, #855220, #861415, #850070 #907545 and other, as well lawsuits # 2:17-cv-00050, and 2:19-cv-173.

6) Also see about 260 other grievances and lawsuits.

7) Because conditions of my confinement was so horrible, I twice have attempt to withdraw my appeals for death sentance. See attachet Exhibit #1 A B and C. (4 pages of each att.)

8) The continuous exposure to the conditions of solitary confinement for 15 consecutive years has exposed me to an unduly high risk of psychological harm and, in fact caused me actual mental anguish and suffering, including increased stress, heightened anxiety, severe difficulty concentrating, short-term memory problems, chronic depression, agoraphobia, unfathomable emotional pain and suffering, caused to me injury and pain, including during my fourth hunger strike my right knee was damaged. As well I got arthritis, high blood pressore, anemia, Crohn's disease, Asthma, eyes problems.

9) As a result of BOP acts and omissions, I have been deprived of numerous basic human needs, including environmental stimulation, social interaction, psychological health, emotional wellbeing, physical health, sleep, exercise, nutrition and fundamental human dignity.

10) Continuing to keep me in Solitary Confinement is in violation of contemporary standards of human decency and constitutes cruel and unusual punishment and torture prohibited by the Eight Amendment and International law.

11) I am asking that my Solitary Confinement status be terminated and BOP compensate for 15 years of torture.

December 1, 2017                    [signature]

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 14, 2017

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JURIJUS KADAMOVAS, 21050-112
      TERRE HAUTE USP    UNT: SCU    QTR: X02-411L
      4700 BUREAU ROAD SOUTH
      TERRE HAUTE, IN 47802


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 911810-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED   : OCTOBER 31, 2017
SUBJECT 1       : SPECIAL CONFINEMENT UNIT
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU MAY ONLY SUBMIT ONE CONTINUATION PAGE, EQUIV. OF ONE
                 LETTER-SIZE (8.5 X 11) PAPER. TEXT ON ONE SIDE. THE
                 TEXT MUST BE LEGIBLE.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

**U.S. Department of Justice**                                   Central Office Administrative Remedy Appeal

**Federal Bureau of Prisons**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __KADAMOVAS, JURIJUS__   __21050-112__   __SCU__   __TERRE HAUTE__
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**   I AM TIMELY APPEALING REGIONAL DIRECTOR's RESPONSE ON REMEDY ID # 911810-R1

IN PART REGIONAL DIRECTOR RESPONDED THAT, THE PURPOSE OF THE STRATIFICATION PROGRAM WITHIN THE SCU IS TO ALLOW AN INMATE SERVING A SENTENCE OF DEATH THE OPPORTUNITY TO EARN INCREASED FREEDOM AND PRIVILEGES... IN PHASE II INCLUDE UNIT LEISURE AND RECREATION ACTIVITIES, SOCIAL VISITS AND WORK ASSIGNMENTS.

FIRST, I DO NOT SERVING A SENTENCE OF DEATH BUT WORKING ON MY APPEALS WITH BOP PREVENTING ME FROM, BY DESTROY MY LEGAL MATERIALS AND NOT ALLOWING MININGFUL ACCESS TO MY DISCOVERY MATERIALS AND COURT TRANSCRIPTS. SECOND I DO NOT HAVE ANY SOCIAL VISITS FOR MORE THEN 15 YEARS.

FOR EXPLAIN IN MORE DETAILS ABOUT MY "JOURNEY" IN SOLITARY CONFINEMENT I HAVE ATTACHED 4 PAGES EXHIBITS - ATTACHMENTS FOR YOUR CONSIDERATION. (FOUR COPY ATTACHED)

26 OCTOBER 2017
DATE                                                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

USPS TRACKING # 9114 9014 9645 1481 0163 52
& CUSTOMER RECEIPT    For Tracking or inquiries go to USPS.com or call 1-800-222-1811.

---

DATE                                                GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _____

**Part C - RECEIPT**                                CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE                                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
JUNE 2002
JPN LVN

Attachment #1 for Remedy ID #911810-A1

My torturous conditions in Solitary Confinement make a start in Metropolitan Detention Center (MDC) in Los Angeles in March 2003

1) For about four years in MDC, I have been confined to a cell that measures approximately 7 feet x 8 feet with walls and ceiling plated by rusty metal and cement floor.

2) I have been confined to a cell that contains a steel bed, steel toilet and sink, steel desk and stool. I had little room to exercise or walk around in my cell.

3) I have been permitted only three showers per week with water just cold or just hot, without possibility to mixed.

4) Before, and during my 7 months long trial, I have been denial any recreation time outside my cell. See Grievances ID #401905 and #427481.

5) I have been placed in shackles every time I leaved my cell

6) I have been subjected to a mandatory strip search and the possibility of a body-cavity serch every time I leave my cell.

7) I have been regulary moved to a different cell at least every 25 days.

8) I have been not allowed to flush my toilet, turn on or off light in my cell for about 4 years.

9) I have been not permited to have warm clothes or shoes. I have been only allowed to have plastic sandals and short-sleeve jump suit.

10) I have been deniel to watch television for approximetaly four years.

11) After I have been arrive to Death Row in April 2007, commertial noisy fan (Noise torture device) was placed outside my cell, for privent me from communicate with other inmates, with also privented me from sleeping or thinking. #475682

12) I was placen on SAM restrictions, since

ATTACHMENT #2

24 JUNE 2003 UP TO 28 JANUARY 2008.

13) FOR ABOUT 15 YEARS I HAVE BEEN GIVEN ONLY 15-20 MINUTES TO EAT MY MEALS.

14) FOR ABOUT 15 YEARS I HAVE BEEN REQUIRED TO EAT ALL MEALS ALONE IN MY CELL JUSTE FEW FEET FROM STEEL TOILET, WITH IS NOT ONLY HUMILIATING BUT ALSO UNSANITARY.

15) FOR ABOUT 15 YEARS I HAVE BEEN SERVED DIFFERENT FOOD THAT THE PRISONERS IN THE GENERAL PRISON POPULATION. ALSO, I WAS NOT ALLOWED TO HAVE HOT WATTER FOR TEA OR SUP.

16) MY FOOD TRAYS WAS OFTEN FILLED WITH HUMILIATING PROFANITIES ETCHED ON THE COVER. SEE GRIEVANCE ID # 900288

17) OFTEN MY MEALS WAS ROTTEN AND NOT EDIBLE, SEE GRIEVANCE ID # 510705

18) OFTEN MY MEALS WAS SERVED WITH EXPIRED FOOD, SEE GRIEVANCE ID # 551377, OUT OF DATE FOOD ID # 553489 AND ID # 585174

19) COMMISSARY STORE ALSO HAS SALE FOOD WITH EXPIRED DATA, SEE ID # 552086 AND 540456

20) I HAVE BEEN PLACED ON COMMISSARY RESTRICTIONS.

21) I HAVE BEEN NOT ALLOWED TO WRITE GRIEVANCES ON MY NATIVE RUSSIAN LANGUAGE. SEE GRIEVANCES ID # 507543 AND 518031. ALSO I HAVE TO MANTION THAT EDUCATION DEPARTMENT REFUSE TO HELP ME LEORN ENGLISH.

22) I HAVE BEEN NOT PERMITED TO HAVE BOOKS, MAGAZINES, MUSIC OR TV CHANNEL ON MY NATIVE RUSSIAN LANGUAGE. BOP HAVE DENIED MY RIGHTS TO ENJOY MY OWN COULTURE AND LANGUAGE. SEE GRIEVANCES ID # 482369, # 482479, # 485640, 488606 AND # 911338.

23) I HAVE BEEN PROHIBITED TO WRITE TO MY SPIRITUAL ADVISOR ON MY NATIVE RUSSIAN LANGUAGE, SEE GRIEVANCE ID # 593526.

24) I HAVE BEEN PLACED ON GENERAL CORRESPONDENCE RESTRICTION, SEE GRIEVANCES ID # 488992 AND # 520282.

Attachment #3

25) The conditions imposed on me for past 15 years are significantly harsher then those imposed on prisoners in general population.

26) The conditions of my incarceration in solitary confinement almost totaly deprive me of human contact, physical activity, personal property and mental stimulation.

27) In solitary confinement I cannot obtain a legal help from jail house lawyer or other inmates.

28) Medical department ignore my medical needs on so many cases. See grievance IA #507596

29) I have been denial a mental health treatment. See grievances IA #503318, #520218, #520220, and #901874.

30) I have developed asthma and BOP failed to protect my rights to a safe, clean and healthy enviroment, including smoke free living arias. And torture me in soultary confinement cell when I iven cannot open my window to redouse smoke and gas that often use alound me. See grievances IA # 578927, #740785, #764650, #857785, #710812, #740783, #857865, #855112, #855220, #861415, #850070, #907545, #901876, #901877, #906051, #895311. Also se my filing lawsuits No. 2:17-cv-00050 WTL-DKC, and No. 2:14-cv-179-WTL-WGH

31) Also see about 270 other grievances and thre lawsuits No. 2:02-cv-259-WTC-JMS, No. 2:11-cv-0015 WTL DKL and No. 2:11-cv-258 WTL WGH. With is telling about my tortorous soultary confinement conditions for 15 years.

32) I have been on 5 honger strikes, on Sep. 7, 2010 I underjake extreme measure to peacefully protesting my conditions of confinement through hunger strike. On Sep 29th I was rape with nasogastric feeding tube. I beliue that the decision to force feed me was humiliating, was premature and not medicacly necessary, but ment to intimibate me and therefore constitute an unnecessaly invasion of my privacy.

Attachment #4

33) The continuous exposure to the conditions of solitary confinement for 15 consecutive years has exposed me to an unduly high risk of psychological harm and, in fact caused me actual mental anguish and suffering, including increased stress, heightened anxiety, severe difficulty concentrating, short-term memory problems, chronic depression, agoraphobia, and unfathomable emotional pain and suffering.

34) The continuous exposure to the conditions of solitary confinement for 15 consecutive years has caused to me injury and pain, including during my fourth hunger strike my right knee was damaged as well I got arthritis, high blood pressure, anemia, Crohn's disease, asthma, eyes problems.

35) As a result of BOP acts and omissions, I have been deprived of numerous basic human needs, including environmental stimulation, social interaction, psychological health, emotional wellbeing, physical health, sleep, exercise, nutrition and fundamental human dignity.

36) Continuing to keep me in solitary confinement is in violation of contemporary standards of human decency and constitutes cruel and unusual punishment and torture prohibited by the Eight Amendment and international law.

37) I am asking that my solitary confinement status be terminated.

Sincerely,

Yorkyos Kabamouas.

**U.S. Department of Justice**  
**Federal Bureau of Prisons**  
**North Central Regional Office**

**Regional Administrative Remedy Appeal**  
**Part B - Response**

**Administrative Remedy Number:** 911810-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on September 11, 2017, in which you allege you have been subjected to solitary confinement since March 2003, which is in violation of international human rights. You request the Bureau of Prisons cease torturing you with solitary confinement.

We have reviewed your appeal and the Warden's response dated August 30, 2017. As stated in the Warden's response, and in accordance with Institution Supplement 5566.05J, <u>Operation & Security of the Special Confinement Unit</u>, you are in Phase II of the Special Confinement Unit (SCU). The purpose of the stratification program within the SCU is to allow an inmate serving a sentence of Death the opportunity to earn increased freedom and privileges consistent with the security requirements and needs of the unit, in order to maintain a safe, secure and humane environment for both staff and inmates. The conditions of the unit and privileges in Phase II include unit leisure and recreation activities, social visits, and work assignments. Additionally, the SCU was established and designed with the mission to provide a humane, safe, and secure environment for individuals who have received a sentence of death in the federal court system, in accordance with all federally mandated statutes and American Correctional Association standards.

Based on the above, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

9-28-17  
Date

Sara M. Revell, Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: KADAMOVAS JURIJUS   21050-112   SCU   TERRE HAUTE
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

Part A - REASON FOR APPEAL   I AM TIMELY APPEALING WARDEN KRUEGER'S RESPONSE TO REMEDY ID# 911810. PLEASE SEE ATTACHED MY BP-8 AND BP-9 REQUEST WITH ATTACHMENTS FOR THIS REQUEST I JUST WOULD LIKE TO CLARIFY 1) I AM ON PHASE II ONLY SINCE 3 FEB. 2014. I HAVE NO LIMITED CONTACT WITH STAFF AND ONLY ONE INMATE IN MY RECREATION AND LEISURE GROUP WITH WHOM I CAN HAVE MININGFUL CONTACT IN ABOUT ONE HOUR I DAY SINCE I ON PHASE II. ALSO, IVEN IF MY CURRENT HOUSING CONDITIONS ARE CONSISTANT WITH THE 'ACA STANDARD AS WARDEN MANTION IT STIL TORTURE! I WOULD LIKE TO BRING YOUR ATTENTION TO UNITED NATIONS STANDARD MINIMUM RULES FOR THE TREATMENT OF PRISONERS (THE MANDELA RULES) RULE 43, 44, 45. RESOLUTION - VIENA, 22 MAY 2015. I AM ASKING THAT BOP STOP TORTURE ME IN SOLITARY CONFINEMENT.

7 SEPTEMBER 2017
DATE                                   SIGNATURE OF REQUESTER

Part B - RESPONSE

RECEIVED
SEP 11 2017
REGIONAL DIRECTOR'S OFFICE
NORTH CENTRAL REGION

---

DATE                                                   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                              CASE NUMBER: 911810-R1

Part C - RECEIPT                                        CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

DATE                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                 BP-230(13)
                                                        JUNE 2002

Remedy No.: 911810-F1                                      FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted July 24, 2017, in which you allege you have been in solitary confinement since March 2003. As relief, you request your solitary confinement status be terminated.

A review of your request reveals you are confined to the Special Confinement Unit (SCU). You are in Phase II status in which you are allowed limited contact with staff and other inmates in Phase II. This includes inmates who are also in Phase II and participating in unit leisure and recreation activities. Currently, your housing conditions are consistent with the American Correctional Association (ACA) standards. The Bureau of Prisons is committed to our mission of providing inmates essential health care and a safe and humane environment to live.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

\_\_8-30-17_____       _____
Date                                J. E. Krueger, Complex Warden

U.S. DEPARTMENT OF JUSTICE                                     REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **KADAMOVAS JURIJUS**    **21050-112**    **SCU**    **TERRE HAUTE**
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A- INMATE REQUEST   I STARTING THIS ADMINISTRATIVE REMEDY IN ATTEMPT TO RESOLVE MY SOLITARY CONFINEMENT STATUS SINCE MARCH 2003, AND ISSUES THAT I HAVE AND WILL DEVELOP AS THE RESULT OF THIS TORTUROUS CONDITIONS OF CONFINEMENT.
    ISSUES THAT I HAD IS. 1) SAM - SPECIAL ADMINISTRATIVE MEASURES SINCE 24 JUNE 2003 UP TO 28 JANUARY 2008 BUT PLACED ON RESTRICTED GENERAL CORRESPONDENCE WITH PREVENT MY COMMUNICATION IVEN WITH SPIRITUAL ADVISER. 2) SEE ABOUT 270 GRIVANCES THAT I FILE PER 15 YEARS, LIKE IA# 475682 - NOISE TORTURE DEVICE, WITH PREVENT ME FROM SLEEPING, AND COMMUNICATE WITH OTHER INMATES. FIVE HUNGER STRIKES, AND FIVE LAW SUITS WILL ALSO EXPLAIN MY STRIGGLES.
    I AM ASKING THAT MY SOLITARY CONFINEMENT STATUS BE TERMINATED.

20 JULY 2017
DATE                                                                        SIGNATURE OF REQUESTER

Part B- RESPONSE

_____                                          _____
DATE                                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                                    CASE NUMBER: _____

                                                              CASE NUMBER: _____

Part C- RECEIPT
Return to: _____    _____    _____    _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____                                          RECIPIENT'S SIGNATURE (STAFF MEMBER)
DATE                                                                                          BP-229(13)
USP LVN                                                                                       APRIL 1982

FCC Terre Haute
Attempt at Informal Resolution

290

| Inmate Name: | Kadamovas, Jurijus | Reg. No.: | 21050-112 | Unit: | SCU |

**Notice to Inmate:** Ordinarily, prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint with staff.

Dept. Assigned: UNIT TEAM   Due Date:

Section 1: Briefly state inmate's complaint and requested corrective action(s): I STARTING THIS ADMINISTRATIVE REMEDY IN ATTEMPT TO RESOLVE MY SOLITARY CONFINEMENT STATUS SINCE MARCH 2003 AND ISSUES THAT I HAVE AND WILL DEVELOP AS THE RESULT OF THIS TORTUROUS CONDITIONS OF CONFINEMENT.
ACCORDING TO INTERNATIONAL HUMAN RIGHTS STANDARDS, PERSONS DEPRIVED OF LIBERTY ON DEATH ROW SHOULD NOT BE SUBJECTED TO SOLITARY CONFINEMENT... SEE ATTACHED EXHIBIT 1A-1B.

☐ Informally Resolved/Complaint Withdrawn

Inmate's signature   Date   Staff Printed Name/Signature

☒ No Informal Resolution/Progress to BP-9

   7-19-17   A. Sutter
Inmate's signature   Date   Staff Printed Name/Signature

Section 2: Document efforts to resolve the matter to include policies reviewed. Note any reasons an informal resolution could not be achieved.

Your housing conditions are consistent with BOP policy.

DEPARTMENT HEAD REVIEW

D. Thomas D. Thomas   7-19-17
Dept. Head Name Printed//Signature   Date

The Department Head may assign to other departmental staff; however, the Department Head must sign as having reviewed prior to returning to the assigned Counselor. If the inmate agrees to informally resolve his complaint, Section 2 does not need to be completed. Section 2 is only completed if the inmate declines to informally resolve and requests to progress to the BP-9.

*Exhibit 1 A*

IACHR Inter-American Commission on Human Rights

---

### Death row confinement conditions

88. The petitioners allege that Mr. ⸺ has spent the last sixteen years on Texas' death row under inhuman conditions. In particular, they argue that death row prisoners are housed in small cells of approximately sixty square feet and subjected to solitary confinement, being therefore segregated from other prisoners in every aspect of their lives. In this respect, they indicate that prisoners are allowed no physical contact with family members, friends, or even their attorneys. In addition prisoners are reportedly given only limited time for exercise in small "cages." The petitioners further claim that prisoners in solitary confinement are not allowed to receive conventional food and that Texas' legislation bans the education of prisoners in administrative segregation.

89. According to international human rights standards, persons deprived of liberty on death row should not be subjected to solitary confinement as a regular condition of imprisonment, but only in exceptional circumstances and solely as a disciplinary punishment in those instances and under the same conditions in which these measures apply to the rest of the inmates.[48]

90. The IACHR has written that solitary confinement should only be used on an exceptional basis, for the shortest amount of time possible and only as a measure of last resort.[49] The Principles and Best Practices on the Protection of Persons Deprived of Liberty in the Americas underscore the exceptional nature of the practice of solitary confinement:

> Solitary confinement shall only be permitted as a disposition of last resort and for a strictly limited time, when it is evident that it is necessary to ensure legitimate interests relating to the institution's internal security, and to protect fundamental rights, such as the right to life and integrity of persons deprived of liberty or the personnel.[50]

91. In assessing whether solitary confinement falls within the ambit of Article 3 (Prohibition of torture) in a particular case, the European Court of Human Rights will consider "the stringency of the measure, its duration, the objective pursued and its effects on the person concerned."[51] At the same time, it has found that "where conditions of detention comply with the Convention and the detainee has contact with the outside world, through visits and contact with prison staff, the prohibition of contact with other prisoners will not breach Article 3 provided that the regime is proportional to the aim to be achieved, and the period of solitary detention is not excessive."[52]

92. Similarly, the United Nations Human Rights Committee has concluded that solitary confinement is justifiable only in case of urgent need, in exceptional circumstances and for limited periods of time.[53]

93. On October 18, 2011, the U.N. Special Rapporteur on torture and other cruel, inhuman or degrading treatment or punishment called for the prohibition of indefinite solitary confinement and

---

[48] IACHR, Report on the human rights of persons deprived of liberty in the Americas, OEA/Ser.L/V/II.Doc.64., December 31, 2011, paragraph 517.

[49] IACHR, Report on the human rights of persons deprived of liberty in the Americas, OEA/Ser.L/V/II.Doc.64., December 31, 2011, paragraph 411.

[50] IACHR, Resolution 1/09, Principles and Best Practices on the Protection of Persons Deprived of Liberty in the Americas, Principle XXII (3).

[51] European Commission of Human Rights, Dhoest v Belgium, Application No. 10448/83, May 14, 1987, parr. 118.

[52] Torture in International Law: a guide to jurisprudence, APT and CEJIL, 2008, p. 61.

[53] Human Rights Committee, Concluding Observations on Denmark, UN Doc. CCPR/CO/70/DNK, 2000, parr. 12.

# Exhibit 1 B

IACHR Inter-American Commission on Human Rights

prolonged solitary confinement, which he defined as for any period in excess of 15 days.[54] The Special Rapporteur concluded that 15 days "is the limit between 'solitary confinement' and 'prolonged solitary confinement' because at that point, according to the literature surveyed, some of the harmful psychological effects of isolation can become irreversible." The U.N. Rapporteur also observed that "even a few days of solitary confinement will shift an individual's brain activity towards an abnormal pattern characteristic of stupor and delirium."[55]

94. More recently, the U.N. Special Rapporteur stated that, in order to be consistent with human rights standards, "no prisoner, including those serving life sentence and prisoners on death row, shall be held in solitary confinement merely because of the gravity of the crime."[56]

95. With regard to the cell size, the U.N. Special Rapporteur indicates that, while there is no universal instrument that specifies a minimum acceptable size, domestic and regional jurisdictions have sometimes ruled on the matter. According to the European Court of Human Rights in Ramírez Sanchez v. France, a cell measuring 6.84 square meters (73.6 square feet) is "large enough" for single occupancy. However, the Special Rapporteur disagrees, "especially if the single cell should also contain, at a minimum, toilet and washing facilities, bedding and a desk."[57]

96. Solitary confinement can have serious psychological effects, ranging from depression to paranoia and psychosis, as well as physiological effects such as cardiovascular problems and profound fatigue.[58] The European Court has held that protracted sensory isolation, coupled with social isolation, can destroy the personality and constitutes a form of inhuman treatment.[59]

97. The United Nations Human Rights Committee has expressed its concern over the practice in some maximum security prisons in the United States "to hold detainees in prolonged cellular confinement, and to allow them out-of-cell recreation for only five hours per week, in general conditions of strict regimentation in a depersonalized environment."[60]

98. For its part, in an application filed with the Inter-American Court in connection with a death penalty case in which the victims were held in solitary confinement for protracted periods, the Inter-American Commission established that the State had failed to ensure respect for the inherent dignity of the human person, regardless of the circumstance, and the right not to be subjected to cruel, inhuman or degrading treatment or punishment.[61]

---

[54] Report of the Special Rapporteur on torture and other cruel, inhuman or degrading treatment or punishment, Juan E. Méndez, January 18, 2010, A/HRC/19/61, para. 18.

[55] United Nations, General Assembly, Torture and other cruel, inhuman or degrading treatment or punishment, August 5, 2011, A/66/268, paragraphs 26 and 55.

[56] Interim report of the Special Rapporteur on torture and other cruel, inhuman or degrading treatment or punishment, August 9, 2013, A/68/295, para. 61.

[57] United Nations, General Assembly, Torture and other cruel, inhuman or degrading treatment or punishment, August 5, 2011, A/66/268, para. 49.

[58] Shalev, Sharon, A sourcebook on solitary confinement, Mannheim Centre for Criminology, LSE, 2008, pp. 15 and 16. Available at: http://solitaryconfinement.org/uploads/sourcebook_web.pdf, cited in IACHR, Report on the human rights of persons deprived of liberty in the Americas, OEA/Ser.L/V/II.Doc.64., December 31, 2011, para. 492.

[59] European Court of Human Rights, Case of Ramírez Sánchez v. France, (Application no. 59450/00), Judgment of July 4, 2006, Grand Chamber, paragraphs 120-123, cited in IACHR, Report on the human rights of persons deprived of liberty in the Americas, OEA/Ser.L/V/II.Doc.64., December 31, 2011, para. 416.

[60] United Nations, Human Rights Committee, CCPR/C/USA/CO/3, September 15, 2006, paragraph 32. Available at: http://daccess-dds-ny.un.org/doc/UNDOC/GEN/G06/459/61/PDF/G0645961.pdf?OpenElement.

[61] I/A Court H.R., Case of Hilaire, Constantine and Benjamin et al. v. Trinidad and Tobago, Judgment of June 21, 2002. Series C No. 94, paragraphs 154-156.