IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JURIJUS KADAMOVAS, on his own behalf and on behalf of a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR, FEDERAL BUREAU OF PRISONS, and WARDEN, U. S. PENITENTIARY, TERRE HAUTE, INDIANA, in their official capacities,<br><br>Defendants. | No. 2:23-cv-22-MPB-MKK |

**JOINT MOTION TO STAY PROCEEDINGS**

The parties jointly move to stay proceedings in this case. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Good cause supports a stay here:

1. Plaintiff's First Amended Complaint challenges the conditions of confinement in the Special Confinement Unit (SCU) at FCC Terre Haute. *See* Am. Compl., ECF No. 67. The SCU was established and designed specifically to house individuals who have received a sentence of death in the federal court system. *See id.* ¶¶ 18, 19; Defs.' Answer, ECF No. 142, at ¶¶ 18, 19. In addition to pursuing his own claims, Plaintiff Jurijus Kadamovas has sought to represent a class of "all current and future prisoners confined to death row, currently known as the Special Confinement Unit, at the United States Penitentiary, Terre Haute, Indiana." Am. Compl. ¶ 14; *see*

*also* Pl.'s Mot. to Certify Case as a Class Action, ECF No. 97.  Defendants have opposed Plaintiff's motion for class certification.  Defs.' Opp. to Class Cert., ECF No. 112.

2. On December 23, 2024, President Biden announced that he was commuting the sentences of 37 individuals on federal death row, including Mr. Kadamovas.  *See Fact Sheet: President Biden Commutes the Sentences of 37 Individuals on Death Row,* attached as Ex. A.[1]  The commutations caused the sentences of those individuals to be reclassified from execution to life without the possibility of parole.  *Id.*

3. As a result of the commutations, the Bureau of Prisons (BOP) has begun the process of reviewing the housing designations of these 37 individuals.  In the past, when inmates have had their sentences reduced by a district court from a sentence of death to life imprisonment, the change in sentence has led to BOP redesignating the inmate and transferring him from the SCU to another BOP institution.[2]  Although it was a Presidential commutation—not a district court decision—that caused the sentence changes for these 37 individuals, it can be reasonably expected that BOP's review will lead to similar outcomes here, *i.e.*, that these reviews will result in these inmates being redesignated and transferred from SCU to other BOP institutions.

4. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones,* 520 U.S. 681, 706 (1997).  Courts in this

---

[1] Ex. A is a PDF print-out of the fact sheet published by the White House on December 23, 2024, available at https://www.whitehouse.gov/briefing-room/statements-releases/2024/12/23/fact-sheet-president-biden-commutes-the-sentences-of-37-individuals-on-death-row/.

[2] For example, earlier this year the district court resentenced Kenneth Lighty to life imprisonment. *See* Amended Judgment, *United States v. Lighty*, No. 8:03-cr-457 (D. Md.), ECF No. 698.  Lighty had previously been designated to the SCU, *see* Schmalensee Decl. ¶ 9, ECF No. 112-2, but after his resentencing BOP redesignated him and transferred him to USP Lee in Pennington Gap, Virginia, *see* Ex. B (print-out of the BOP locator page for Mr. Lighty, available at https://www.bop.gov/inmateloc/, showing that he is now housed at USP Lee).

2

district have used the following factors in determining whether to grant a motion to stay: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court." *See, e.g.*, *Irving Materials, Inc. v. Zurich Am. Ins. Co.*, No. 1:03-cv-0361, 2008 WL 1971468, at *2 (S.D. Ind. May 5, 2008) (internal quotation and citation omitted).

5. These factors support a stay here. First, nonmovants would not be harmed by a stay, as the parties are jointly moving for this relief. Second, a stay will likely simplify the issues in question and either streamline the trial or make trial unnecessary. The commutations of Mr. Kadamovas's sentence and the sentences of most other SCU inmates, and their potential transfer out of the SCU, undoubtedly impact Plaintiff's claims and Defendants' defenses. The parties believe that this period will provide time for the parties to assess the impact of the commutations on this case, and facilitate communications with each other about potential resolution of this case. Should Mr. Kadamovas and other inmates be transferred from SCU to other BOP institutions it would moot the claims in this case. Third, without a stay, the parties would need to use their resources to litigate issues that may become moot (if they are not already moot). The parties are requesting this stay ahead of the Rule 35 mental examination previously scheduled for January 13–15, 2025, *see* Order, ECF No. 144, and agree that the stay should apply to prevent the examination from occurring on those dates. The stay would conserve this Court's resources as well. For example, the stay may allow the Court to avoid deciding issues that may be impacted by the commutations and potential redesignations, such as the pending class certification motion.

For the foregoing reasons, and good cause shown, the parties respectfully request that the Court stay this case and hold it in abeyance. The parties propose to provide an oral report to the

Court at the scheduled March 6, 2025 telephonic status conference to be held by Magistrate Judge M. Kendra Klump, and to file a joint status report within 7 days thereafter. A proposed order is attached.

DATED: Dec. 30, 2024                                    Respectfully submitted,

FOR PLAINTIFF:

ACLU OF INDIANA                                         FAEGRE DRINKER BIDDLE & REATH LLP

By:   */s/ Kenneth J. Falk*                             By:   */s/ Daniel E. Pulliam*
Kenneth J. Falk                                         Daniel E. Pulliam
Gavin M. Rose                                           Matthew E. Burkhart
Stevie J. Pactor                                        Matthew R. Elliott
1031 East Washington Street                             300 North Meridian Street, Suite 2500
Indianapolis, IN 46202                                  Indianapolis, IN 46204
317/635-4059                                            317/237-0300
fax: 317/635-4105                                       fax: 317/237-1000
kfalk@aclu-in.org                                       daniel.pulliam@faegredrinker.com
grose@aclu-in.org                                       matthew.burkhart@faegredrinker.com
spactor@aclu-in.org                                     matthew.elliott@faegredrinker.com


FOR OFFICIAL CAPACITY DEFENDANTS[3]:

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

*/s/ Kevin K. Bell*
KEVIN K. BELL
(GA Bar No. 967210)
Trial Attorney
LISA ZEIDNER MARCUS

---

[3] The First Amended Complaint only includes claims against the official capacity defendants, and does not include claims against any individual capacity defendants. Am. Compl. at 1, ECF No. 67.

4

        (NY Bar No. 4461679)
        Senior Counsel
        Federal Programs Branch, Civil Division
        U.S. Department of Justice
        1100 L St. NW
        Washington, DC 20005
        Telephone: (202) 305-8613
        Email: kevin.k.bell@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2024, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

         */s/ Kevin K. Bell*
         KEVIN K. BELL
         Trial Attorney