UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JURIJUS KADAMOVAS, on his own behalf    )
and on behalf of a class of those similarly    )
situated,    )
     )
       Plaintiff,    )
     )
       v.    )    No. 2:23-cv-22-MPB-MKK
     )
DIRECTOR, FEDERAL BUREAU OF    )
PRISONS, in her official capacity, *et al.*,    )
     )
       Defendants.    )

**AMENDED CASE MANAGEMENT PLAN**

**I.**       **Parties and Representatives**

       A.       Plaintiff: Jurijus Kadamovas

           Counsel

| | |
|---|---|
| Kenneth J. Falk | Daniel E. Pulliam |
| Gavin M. Rose | Matthew E. Burkhart |
| Stevie J. Pactor | Matthew R. Elliott |
| ACLU of Indiana | Aidan T. Parker |
| 1031 E. Washington St. | Faegre Drinker Biddle & Reath LLP |
| Indianapolis, IN 46202 | 300 N. Meridian St. |
| 317/635-4059 | Suite 2500 |
| fax: 317/635-4105 | Indianapolis, IN 46204 |
| kfalk@aclu-in.org | 317/237-0300 |
| grose@aclu-in.org | fax: 317/237-1000 |
| spactor@aclu-in.org | daniel.pulliam@faegredrinker.com |
| | matthew.burkhart@faegredrinker.com |
| | matthew.elliott@faegredrinker.com |
| | aidan.parker@faegredrinker.com |

       B.       Defendants:

Director, Federal Bureau of Prisons, in her official capacity;
Warden, United States Penitentiary, Terre Haute, Indiana, in his official capacity;


Counsel:

Kevin K. Bell
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
1100 L St. NW
Washington, DC 20005
Telephone: (202) 305-8659
kevin.k.bell@usdoj.gov

*Counsel for Defendants*

## II.    Jurisdiction and Statement of Claims

A.    This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1346.

B.    On behalf of himself and a putative class of those similarly situated, plaintiff alleges that the conditions on the Special Confinement Unit ("SCU") at the United States Penitentiary in Terre Haute, which houses persons either currently sentenced to death or who were formerly sentenced to death prior to presidential commutation of their sentences, violate the 8th Amendment and he seeks appropriate injunctive and declaratory relief.

C.    Defendants claim that the conditions in the SCU do not violate the Eighth Amendment, and injunctive and declaratory relief are inappropriate in this case. Additionally, class certification is inappropriate in this case because plaintiff will not be able to demonstrate numerosity, commonality, typicality, or adequacy of representation.

## III.    Pretrial Pleadings and Disclosures

A.    This case was filed on January 12, 2023; however, the parties began discussions shortly thereafter aimed toward settling this matter.  (Dkt. 40). Settlement was not reached. (Dkt. 56).

Plaintiff filed an Amended Complaint on December 13, 2023, (Dkt. 67), which the defendants answered on November 19, 2024. (Dkt. 142). Parties conducted discovery, including exchanging documents, responding to interrogatories, and an inspection of the facility before the case was stayed on January 6, 2025. (Dkt. 149). The parties were also meeting and conferring regarding the adequacy of

2

certain discovery responses. Mr. Kadamovas has meanwhile remained at USP Terre Haute in the same SCU. (Dkt. 174).

On December 23, 2024, President Biden announced he was commuting the sentences of 37 individuals on federal death row, including Mr. Kadamovas, prompting the parties to file a Joint Motion to Stay Proceedings as the BOP reviewed the housing designations of these individuals. (Dkt. 147). The Court subsequently granted the stay. (Dkt. 149). The Court lifted that stay on February 17, 2026. (Dkt. 175).

The parties propose that February 17, 2026 be deemed as the Anchor Date in this case.

B.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before May 18, 2026

C.    Plaintiff shall file preliminary witness and exhibit lists on or before May 18, 2026.

D.    Defendants shall file preliminary witness and exhibit lists on or before June 1, 2026.

E.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before June 17, 2026.

F.    Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement proposal on or before July 17, 2026. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

G.    Except where governed by paragraph (H) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before December 17, 2026. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiff serves its expert witness disclosure; or if Plaintiff has disclosed no experts, Defendants shall make their expert disclosure on or before January 17, 2027.

H.    Notwithstanding the provisions of paragraph (G), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for

efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

I.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before May 1, 2027.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

II.     All parties shall file and serve their final witness and exhibit lists on or before February 17, 2027.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

III.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

IV.     Discovery of electronically stored information ("ESI").
        Neither party believes that a substantial volume of ESI will be produced in this case. Absent further order of the Court or agreement of the parties, any ESI shall be produced in its native format.

        Plaintiff will seek discovery concerning, among other things, the number of prisoners confined to the SCU, the conditions prevailing on the SCU, the reasons for all conditions in the SCU, how the conditions have affected plaintiff and the putative class, how conditions have changed in the SCU, and alternatives to the current conditions.

        Defendants have already engaged in a significant amount of document and written discovery in this case, and plan to complete the Rule 35 mental examination of Plaintiff, as ordered by the Court. ECF No. 143. Defendants believe that any remaining fact discovery in this matter should be limited in scope.

        In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the

4

document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV.    **Discovery[1] and Dispositive Motions**

A.    Plaintiff is uncertain at this time as to whether he and the currently putative class will seek summary judgment. Defendants anticipate that they will seek summary judgment because they believe that the evidence will show that Plaintiff's conditions of confinement do not violate his Eighth Amendment rights.

B.    On or before October 24, 2026, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. Plaintiff does not agree to any stay of discovery in this case.

C.    Select the track that best suits this case:

  __X__ Track 2: Dispositive motions are expected and shall be filed by December 17, 2026; non-expert witness discovery and discovery relating to liability issues shall be completed by October 17, 2026; expert witness discovery and discovery relating to damages shall be completed by March 17, 2027.

  Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

V.    **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.   The parties

---

[1]  The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in November of 2026.

## VI.    Trial Date

The parties request a trial date in November 2027. Defendants have answered the operative complaint, but Plaintiffs anticipate filing an amended complaint, and it is unclear if the trial will be court or jury. Trial is anticipated to take 7 days . Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII.    Referral to Magistrate Judge

A.    **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.    **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII.    Required Pre-Trial Preparation

A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    **Other Matters**

Plaintiff intends to pursue class certification in this case pursuant to Federal Rule of Civil Procedure 23(b)(2).

Plaintiff's motion for class certification, memorandum in support, and evidentiary support for the motion shall be filed by **June 17, 2026**. Defendant's response in opposition shall be filed by **July 8, 2026**. Plaintiff's reply brief shall be filed by **July 15, 2026**.

Plaintiff also will be filing a motion to amend the complaint to reflect current conditions in the unit. This will be done within the time allowed in this plan.

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16(f), to and including dismissal or default.

**APPROVED AS AMENDED AND SO ORDERED.**

Date: 03/24/2026

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana