**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

<table>
<tr><td>
JURIJUS KADAMOVAS, on his own behalf and on behalf of a class of those similarly situated,<br><br>
              Plaintiff,<br><br>
       v.<br><br>
DIRECTOR, FEDERAL BUREAU OF PRISONS, and Brian Lammer, WARDEN, U.S. PENITENTIARY, TERRE HAUTE, INDIANA, in their official capacities,<br><br>
              Defendants.
</td><td>
Civil Action No. 2:23-cv-22-MPB-MKK
</td></tr>
</table>

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants the Director of the Federal Bureau of Prisons (the "BOP"), and Brian Lammer, in his official capacity as the Warden of the United States Penitentiary,[1] Terre Haute, Indiana (the "Defendants"), hereby answer Plaintiff's Second Amended Complaint Class Action Complaint for Declaratory and Injunctive Relief ("Second Amended Complaint"), ECF No. 195, as follows[2]:

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure Warden Brian Lammer automatically substituted for his predecessor, Steven Kallis, former Warden of USP Terre Haute.

[2] Defendants incorporate herein the headings and subheadings from the Second Amended Complaint, to which a response is not required. To the extent any headings or subheadings could be construed to contain factual allegations, those allegations are denied.

1.      Defendants deny that the SCU in USP Terre Haute always "exclusively" houses male prisoners sentenced to death by federal courts. Defendants otherwise admit the allegations of paragraph 1.

2.      Defendants admit the allegations of paragraph 2, except that one of the inmates who received a commutation was housed at ADX Florence, and two were housed at the Medical Center for Federal Prisoners in Springfield, MO ("MCFP Springfield").

3.      Defendants lack sufficient knowledge of the allegations of paragraph 3 to admit or deny them.

4.      Defendants admit that President Trump issued an executive order on January 20, 2025 addressing the death penalty. *See* "Restoring the Death Penalty and Protecting Public Safety," Exec. Order No. 14164, 90 Fed. Reg. 8463 (Jan. 20, 2025). Defendants also admit that the BOP eventually referred all but two of the SCU inmates who received a commutation to ADX Florence, and after the conclusion of the administrative process, made a final determination to redesignate them to ADX Florence with two exceptions. One inmate was transferred to MCFP Springfield for evaluation, and another inmate was on writ in state custody. Defendants admit that some of those inmates sued to challenge the redesignation process in *Taylor v. Trump*, 25-cv-1161 (D.D.C.) ("*Taylor I*"), and later in *Taylor v. Trump*, 25-cv-3742 (D.D.C.) ("*Taylor II*"). Defendants further admit that the court entered a preliminary injunction in *Taylor II* that enjoins the defendants in that matter, except President Trump, from transferring the *Taylor II* plaintiffs to ADX Florence while the litigation proceeds. *See* Memorandum Opinion at 34, ECF No. 71, entered in *Taylor II*. Defendants also admit that this injunction expires on August 10, and that the *Taylor II* parties stipulated that the defendants would not initiate the transfer of any plaintiff or plaintiff-intervenor to ADX Florence until at least fourteen days after the Acting Attorney General ("(A)AG") makes

his final redesignation decisions. *See* Order, ECF No. 114, entered in *Taylor II*. The parties in *Taylor II* also stipulated to confer as to an appropriate schedule for briefing and argument of the matter after the (A)AG makes his decisions. *Id.* Defendants otherwise deny the allegations of paragraph 4.

5.  Defendants aver that there are 26 inmates in the SCU who at one point had a sentence of death, and that 23 of these inmates had their death sentence commuted. Defendants otherwise admit the allegations of paragraph 5, except insofar as there are two *Taylor* cases that are relevant here—*Taylor I* and *Taylor II*.

6.  Defendants deny the allegations of paragraph 6, except insofar as the conditions of confinement for the SCU inmates who received a commutation have changed as they are now classified as "non death sentence inmates" under the relevant institution supplement, and thus are not able to participate in the phase program in the SCU. *See* Operation and Security of the Special Confinement Unit, THX-5217.02E, Aug. 29, 2022, DEF00001051–1075.

7.  Defendants deny the allegations of paragraph 7.

8.  Paragraph 8 consists of Plaintiff's characterizations concerning the discussion of restrictive confinement in certain international treaties and other instruments. Defendants deny that there is a single definition of "solitary confinement." Defendants further deny these allegations to the extent they may be construed to (a) refer to the conditions of confinement in the SCU, or (b) suggest that the conditions of confinement in the SCU are illegal.

9.  Paragraph 9 consists of Plaintiff's legal conclusions and request for relief, which Defendants deny.

**Jurisdiction, venue, cause of action**

10.  Defendants admit the allegations of paragraph 10.

11.  Defendants admit the allegations of paragraph 11.

12. Defendants admit that the cited statutes and Federal Rule of Civil Procedure govern declaratory relief, but deny that declaratory relief is authorized in this case.

13. Defendants admit that Plaintiff asserts an Eighth Amendment claim, but deny that Plaintiff's confinement violates the Eighth Amendment to the United States Constitution.

**Parties**

14. Defendants admit the allegations of paragraph 14.

15. Defendants admit the allegations of paragraph 15.

16. Defendants admit the allegations of paragraph 16.

**Class action allegations**

17. Defendants deny that Plaintiff properly alleges a class under Rule 23 of the Federal Rules of Civil Procedure.

18. Defendants admit that paragraph 18 consists of Plaintiff's definition of his proposed class.

19. Paragraph 19 consists of legal conclusions, not factual allegations, and thus no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff's proposed class meets all or any of the requirements of Rule 23(a).

20. Paragraph 20 consists of legal conclusions, not factual allegations, and thus no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff's proposed class meets the further requirements of Rule 23(b)(2).

21. Paragraph 21 consists of legal conclusions, not factual allegations, and thus no response is required. To the extent a response is deemed required, Defendants lack sufficient knowledge to admit or deny the allegations.

**Facts**

### *The SCU at USP Terre Haute*

22.    Defendants admit the allegations of paragraph 22.

23.    Defendants admit that most federal male prisoners sentenced to death are housed in the SCU. Defendants deny that the current SCU was opened in 1999. Defendants admit that the prior unit used as the SCU was opened in 1999.

24.    Defendants admit that the Director of the Federal Bureau of Prisons directs the activities of the agency, *see* 28 C.F.R. § 0.95, but Defendants deny the allegations of paragraph 24 to the extent they imply the Director is involved in day-to-day decision making or policy decisions specific to the SCU.

25.    Defendants deny the allegations of paragraph 25 to the extent that they suggest that the Warden of USP Terre Haute has exclusive and unilateral authority to modify the conditions of the SCU. Defendants aver that the Warden must manage the operations and conditions of the SCU subject to broader BOP policy.

26.    Defendants admit that there are currently 26 inmates in the SCU, 25 of whom were under a sentence of death immediately prior to President Biden's December 2024 commutations. Defendants further admit that there are 21 non-death sentenced inmates in the SCU who will continue to be temporarily housed there as long as they are required to be by an order in *Taylor II*. Otherwise, the allegations of paragraph 26 are denied.

27.    Defendants admit prisoners are housed in individual cells. Defendants admit the dimensions cited in this paragraph are a rough approximation of dimensions for a standard cell, but aver that exact cell dimensions vary by range and aver that cells designed to be handicapped accessible have larger dimensions. Defendants also admit that the cells each contain a bed, a table, a stool, a sink/toilet unit, and a shower. Otherwise, the allegations of paragraph 27 are denied.

28.     Defendants admit the allegations of paragraph 28.

29.     Defendants deny the allegations of paragraph 29, except to admit that each cell has a window that may not be opened.

30.     Defendants admit that within the SCU there is a group programming area consisting of seven individual enclosures.  Defendants admit the group programming area has been used for inmate-led classes, BOP classes, and religious services, and that the religious services continue to take place in this space. Defendants admit that there are fewer inmate-led classes in this space currently, but otherwise deny the allegations of paragraph 30.

31.     Defendants admit that outside religious leaders that lead services in the group programming area stay in the open area outside of the inmate enclosures. Defendants otherwise deny the allegations of paragraph 31.

32.     Defendants deny the allegations of paragraph 32.

33.     Defendants admit the allegations of paragraph 33, except that an orderly may sometimes prepare his lunch in a leisure room.

34.     Defendants admit the allegations of paragraph 34.

35.     Defendants deny that President Biden's commutations changed the phase program in the SCU, but aver that when the affected inmates had their sentences commuted, they became subject to the provisions for non-death sentenced inmates in the relevant institution supplement, THX-5217.02E. Defendants deny that paragraph 35 accurately describes the number of hours that Phase I inmates are allowed for outdoor recreation. Defendants admit that sentence three of paragraph 35 accurately describes the indoor and outdoor recreation areas in general terms. Defendants deny the allegations of sentence four of paragraph 35.

36.     Defendants admit that Phase II inmates may participate in certain recreation activities with another assigned inmate. Defendants deny that paragraph 36 accurately describes the amount of time that Phase II inmates are allowed to use the leisure rooms or to recreate.

37.     Defendants deny the allegations of paragraph 37, except to admit that non-death sentenced inmates and inmates in Phase I go to recreation alone.

38.     Defendants aver that they sometimes update the schedule for recreation to accommodate changes to the number of inmates on a range, medical visits to the SCU, occasional lockdowns, and to allow inmates from different ranges to recreate in the sunshine. Defendants also aver that when recreation is cancelled due to a lockdown, Defendants attempt to reschedule the lost recreation time. Defendants otherwise deny the allegations of paragraph 38.

39.     Defendants aver that the exact amount of recreation an inmate receives can vary by one hour per week by range, but otherwise admit the allegations of paragraph 39.

40.     Defendants admit that restraints are applied to inmates in the SCU in accordance with BOP policy, but otherwise deny the allegations of paragraph 40.

41.     Defendants admit that restraints are applied to inmates in the SCU in accordance with BOP policy, but otherwise deny the allegations of paragraph 41.

42.     Defendants deny the allegations of paragraph 42.

43.     Defendants deny the allegations in the first sentence of paragraph 43, except to admit that one of the rooms used as a law library contains five enclosures with computer terminals. Defendants admit that, pending availability, inmates may schedule a visit to one of the rooms per day. Defendants admit that typically only one inmate at a time is allowed in each of the "law library" rooms,  except Defendants deny that this is true with respect to all law library rooms; in a room with individual enclosures for law library usage, inmates may be in separate enclosures but

may be next to each other in the same room. Defendants deny the allegations of the fourth and fifth sentences of paragraph 43.

44.    Defendants deny the allegations of paragraph 44.

45.    Defendants deny the allegations of paragraph 45. Defendants aver that there is currently a group class taught by the Psychology Department in the SCU, and that other group classes will begin soon.

46.    Defendants admit the allegations of paragraph 46.

47.    Defendants deny the allegations of paragraph 47.

48.    Defendants admit that officers make rounds. Defendants deny the remaining allegations contained in paragraph 48.

49.    Defendants admit that a mental health professional visits each SCU inmate at his cell front, and that inmates may be removed from their cells to meet with a mental health provider, but otherwise deny the allegations of paragraph 49.

50.    Defendants deny the allegations of paragraph 50.

51.    Defendants deny the allegations of paragraph 51.

52.    Defendants deny the allegations of paragraph 52, except to note that the conditions in the SCU are governed by THX-5217.02E, which provides for different conditions for non-death sentenced inmates.

53.    Defendants deny the allegations of paragraph 53, except to admit that a preliminary injunction is currently in place in *Taylor II* preventing the transfer of the plaintiffs in that matter, and to note that the (A)AG has undertaken a new process to redesignate the place of imprisonment of the 21 plaintiffs in *Taylor II*.

**Jurijus Kadamovas**

54.    Defendants admit the allegations of paragraph 54.

55. Defendants admit that Plaintiff has been in the SCU since 2007, with occasional, temporary exceptions (such as for outside medical treatment).

56. Defendants admit that Plaintiff is housed in a cell but deny that the descriptions of the prior paragraphs of the Second Amended Complaint accurately describe that confinement.

57. Defendants admit that Plaintiff spent the majority of the time since 2014 in Phase II, with a brief exception of returning to Phase I, until his death sentence was commuted by President Biden.

58. Defendants admit the allegations of paragraph 58.

59. Defendants admit that Plaintiff was in the past allowed out of his cell to teach an art class to other inmates in the group programming area in the SCU. Defendants aver however, that Kadamovas chose to stop teaching this class. Defendants admit that there are not currently any inmate-led classes, but Defendants are exploring opportunities to create new inmate-led programming.

60. Defendants deny the allegations of paragraph 60, and aver that in recent memory, it has always been BOP policy to require a Martin chain (aka, a "belly chain") for each inmate that is front-cuffed.

61. Defendants admit the allegations of paragraph 61.

62. Defendants admit that Plaintiff is visited on a weekly basis by a mental health professional, with occasional exceptions due to scheduling or staffing issues, and that this professional speaks with Plaintiff at his cell front about his mental health needs. Defendants also admit that Plaintiff is occasionally removed from his cell to talk to a mental health professional. Defendants admit that when an inmate is restrained via a front cuff, the inmate is required to wear a Martin chain. Defendants also admit that when an inmate is placed in an enclosure in the group

programming area, he must remain there until escorted back to his cell. Otherwise, Defendants deny the allegations in paragraph 62.

63.    Defendants deny the allegations in paragraph 63.

64.    Defendants admit that Plaintiff has been diagnosed with certain health conditions, but deny that these conditions are aggravated by his conditions of confinement.

65.    Defendants lack sufficient knowledge regarding Plaintiff's beliefs regarding what has resulted from his confinement, but Defendants deny that the conditions of confinement in the SCU have actually caused the alleged emotional and psychological problems.

*Conclusion*

66.    This paragraph does not contain enough specifics for Defendants to formulate an informed response.    Therefore, Defendants lack sufficient knowledge to admit or deny the allegations contains in this paragraph.

67.    Defendants deny that there is a single definition of "solitary confinement." Defendants further deny these allegations to the extent they may be construed to (a) refer to the conditions of confinement in the SCU, or (b) suggest that the conditions of confinement in the SCU are illegal. Defendants lack knowledge regarding what Plaintiff is referring to as "well known" and thus lack sufficient knowledge to admit or deny the remaining allegations in paragraph 67.

68.    Defendants lack knowledge regarding what Plaintiff considers "essential" or "meaningful" and thus lack sufficient knowledge to admit or deny the allegations of paragraph 68, except Defendants deny the implied allegation that the current opportunities for socialization in the SCU are constitutionally insufficient.

69.    Defendants deny the allegations of paragraph 69.

70.    Defendants deny the allegations of paragraph 70.

71.     Defendants deny the allegations of paragraph 71, except to admit that two inmates in SCU are still under a sentence of death.

72.     Defendants deny the allegations of paragraph 72.

73.     To the extent that the outcome of litigation in *Taylor II*, in which Plaintiff here is also a plaintiff, impacts the redesignation of Plaintiff to a new place of imprisonment, Defendants admit the allegations of paragraph 73.

74.     Paragraph 74 consists of legal conclusions, and not factual allegations, and thus no response is required. To the extent a response is deemed required, Defendants deny the allegations of paragraph 74.

75.     Paragraph 75 consists of legal conclusions, and not factual allegations, and thus no response is required. To the extent a response is deemed required, Defendants deny the allegations of paragraph 75.

76.     Defendants admit that the Warden of USP Terre Haute supervises the facility that contains the SCU, but otherwise deny the allegations in paragraph 76.

77.     Defendants admit that the Director of the Federal Bureau of Prisons directs the activities of the agency, *see* 28 C.F.R. § 0.95, but Defendants deny the allegations of paragraph 77 to the extent they imply the Director is involved in day-to-day decision making specific to the SCU. To the extent that paragraph 77 consists of Plaintiff's legal conclusions about the risk of harm due to conditions in the SCU, no response is required. If a response is deemed required, Defendants deny the remaining allegations of paragraph 77.

78.     Defendants deny the allegations of paragraph 78.

**Legal Claim**

79.     Paragraph 79 consists of Plaintiff's legal claim and legal conclusions, not factual allegations, and thus no response is required.  To the extent a response is deemed required, Defendants deny the allegations of paragraph 79.

**Request for relief**

The remaining paragraphs contain Plaintiff's requests for relief, not allegations of fact, and thus no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in these paragraphs, and further state that Plaintiff is not entitled to the requested relief or any other relief from Defendants.

Defendants deny any and all allegations in the Second Amended Complaint not expressly admitted herein to which a response is deemed required.

**Defenses**

1.     For purposes of this lawsuit, Plaintiff has administratively exhausted only those claims contained within Administrative Remedy No. 911810, attached as Exhibit 1 to his First Amended Complaint, and has not administratively exhausted any other claims.

2.     The doctrine of res judicata bars Plaintiff from relitigating claims and issues that he previously litigated against one or both Defendants.

3.     18 U.S.C. § 3626 defines and sets "[a]ppropriate remedies with respect to prison conditions."  Among other things, Section 3626 provides that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs."  18 U.S.C. § 3626.  The Court is bound by Section 3626 and shall not grant or approve any relief inconsistent with its terms.

4.      Defendants reserve the right to raise any affirmative defense – including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c) – that may be supported by the record in this case.

Dated:  August 6, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director

ANDREW I. WARDEN
Assistant Branch Director

 /s/ Kevin K. Bell
KEVIN BELL
(GA Bar No. 967210)
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
1100 L St. NW
Washington, DC 20005
Telephone: (202) 305-8613
Fax: (202) 616-8470
Email: kevin.k.bell@usdoj.gov

*Counsel for Defendants*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2026, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

 /s/ *Kevin K. Bell*
KEVIN BELL
(GA Bar No. 967210)
Trial Attorney