**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| JURIJUS KADAMOVAS, on his own behalf and on behalf of a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR, FEDERAL BUREAU OF PRISONS, and WARDEN, U.S. PENITENTIARY, TERRE HAUTE, INDIANA, in their official capacities,<br><br>Defendants. | ) | No. 2:23-cv-22-MPB-MKK |

**UNOPPOSED MOTION FOR ENTRY OF ORDER EXTENDING DEADLINES**

Plaintiff, Jurijus Kadamovas, respectfully moves for an extension of certain case management plan deadlines to complete discovery and facilitate a full determination of this matter on its merits. In further support of the relief requested, Plaintiff states as follows:

1. On March 24, 2026, the Court entered the Amended Case Management Plan setting forth certain deadlines for this matter. *See* ECF No. 184.

2. This case was previously stayed from January 6, 2025 to February 17, 2026, following the commutation of Plaintiff's death sentence, and the parties agreed that February 17, 2026 would serve as the Anchor Date for calculating deadlines under the Amended Case Management Plan (hereinafter, "the CMP"). *See* ECF No. 184 at 3.

3. In the CMP, the Court set the following relevant deadlines:

| Event | Deadline |
|---|---|
| Plaintiff's Expert Disclosures if Intent to Use in Connection with a Motion for Summary Judgment | September 18, 2026 |

| | |
|---|---|
| Discovery of Non-Expert Witnesses and Liability Issues | October 17, 2026 |
| Dispositive Motions | December 17, 2026 |
| Plaintiff to Disclose Expert Witnesses | December 17, 2026 |
| Defendants to Disclose Expert Witnesses | January 17, 2027 (or 30 days after Plaintiff's disclosure) |
| Final Witness and Exhibit Lists | February 17, 2027 |
| Discovery of Expert Witnesses and Damages Issues | March 17, 2027 |
| Objections to Expert Testimony | May 1, 2027 |
| Statements of Claims and Defenses | October 24, 2026 |
| Trial Date | November 2027 |

4. Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified "only for good cause and with the judge's consent." Local Rule 6-1 requires that a party state the reasons why good cause exists to extend deadlines. *See* S.D. Ind. L.R. 6-1 (requiring a party to "state the reasons for the requested extension and explain why those reasons constitute good cause").

5. Plaintiff requires an extension of certain CMP deadlines because he cannot complete his expert disclosures, and the parties cannot complete the remaining fact and expert discovery or brief dispositive motions, without the benefit of Defendants' psychologist's report. Plaintiff is also awaiting resolution of outstanding discovery matters, including a disputed request for a follow-up site inspection by Plaintiff's expert and Defendants' amendment of interrogatory responses.

6. The parties have engaged in meet-and-confer discussions regarding outstanding discovery issues. At the July 30, 2026 Show Cause Hearing, Defendants' counsel informed the Court that Dr. Brinkley has a draft of the Rule 35 report and that Defendants anticipated providing the report by mid-September 2026. As of the date of this filing, the Rule 35 report has not yet been received, and the parties continue to communicate regarding the remaining discovery issues. On

July 31, 2026, counsel for Defendants confirmed that the following issues remained open: the Rule 35 report, a follow-up site inspection by Plaintiff's expert, supplemental interrogatory responses, and document production. On August 17, 2026, counsel for both parties exchanged correspondence regarding these matters, with Defendants indicating they would provide an update shortly.

7. Under CMP III.H, because Plaintiff is considering using expert testimony in connection with an anticipated motion for summary judgment, Plaintiff's expert witness disclosures, including the report required by Federal Rule of Civil Procedure 26(a)(2), must be served no later than 90 days before the dispositive motions deadline of December 17, 2026 – that is, on or before September 18, 2026. *See* ECF No. 184 at 3.

8. The report from the Rule 35 mental examination of Plaintiff that the Court ordered has not yet been provided. *See* ECF No. 143. Plaintiff needs that report to prepare his own expert disclosures and to evaluate the case for purposes of summary judgment. Plaintiff is thus unable to meet the September 18, 2026 deadline for his expert disclosures or the downstream deadlines for non-expert discovery, the statement of claims and defenses, or dispositive motions that likely depend at least in part on the substance of that report.

9. Plaintiff is also communicating with Defendants regarding supplementation of prior discovery responses and document production. The parties also dispute whether Plaintiff's expert should be permitted to conduct an additional site inspection of the SCU to observe present conditions of the facility. These issues further demonstrate that there is good cause to extend the current deadlines.

10. Plaintiff's request is not an attempt to unnecessarily delay this case; rather, it is a request made in good faith to promote efficiency for the parties, counsel, and the Court. No party

will be prejudiced by the requested extension. Plaintiff acknowledges that further adjustments to the schedule may be necessary as discovery progresses, and he will promptly notify the Court and confer with Defendants if any additional modifications become warranted.

11. Undersigned counsel for Plaintiff has conferred with counsel for Defendants regarding the requested extension, consistent with Southern District of Indiana Local Rule 7-1(e). Defendants do not oppose the relief requested in this motion.

12. In view of the foregoing, Plaintiff respectfully requests the following 120-day extension of the deadlines set forth in the CMP. The longer extension will help avoid conflicts with the holiday season and scheduling difficulties associated with deadlines falling in December and January:

| Event | Original Deadline | Requested Deadline |
|---|---|---|
| Plaintiff's Expert Disclosures | September 18, 2026 | January 18, 2027 |
| Discovery of Non-Expert Witnesses and Liability Issues | October 17, 2026 | February 15, 2027 |
| Statements of Claims and Defenses | October 24, 2026 | February 22, 2027 |
| Dispositive Motions | December 17, 2026 | April 16, 2027 |
| Plaintiff to Disclose Expert Witnesses | December 17, 2026 | April 16, 2027 |
| Defendants to Disclose Expert Witnesses | January 17, 2027 (or 30 days after Plaintiff's disclosure) | May 17, 2027 (or 30 days after Plaintiff's disclosure) |
| Final Witness and Exhibit Lists | February 17, 2027 | June 17, 2027 |
| Discovery of Expert Witnesses and Damages Issues | March 17, 2027 | July 15, 2027 |
| Objections to Expert Testimony | May 1, 2027 | August 30, 2027 |
| Trial Date | November 2027 | March 2028 |

NOW, THEREFORE, by and through counsel of record, Plaintiff hereby respectfully requests entry of an Order extending pretrial deadlines as proposed above and in the accompanying Proposed Order.

Dated: August 27, 2026

Respectfully submitted,

ACLU OF INDIANA

By /s/ Kenneth J. Falk
Kenneth J. Falk
Gavin M. Rose
Stevie J. Pactor
1031 East Washington Street
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org
spactor@aclu-in.org

FAEGRE DRINKER BIDDLE & REATH LLP

By /s/ Daniel E. Pulliam
Daniel E. Pulliam
Matthew E. Burkhart
Matthew R. Elliott
Aidan T. Parker
300 North Meridian Street, Suite 2500
Indianapolis, IN 46204
317/237-0300
fax: 317/237-1000
daniel.pulliam@faegredrinker.com
matthew.burkhart@faegredrinker.com
matthew.elliott@faegredrinker.com
aidan.parker@faegredrinker.com

*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the attorneys of record by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

*/s/ Daniel E. Pulliam*